Jeffrey B. Cereghino, SBN 099480
Email: jbc@rocklawcal.com
Michael F. Ram, SBN 104805
Email:  mram@rocklawcal.com
Susan Brown, SBN 287986
Email: sbrown@rocklawcal.com
Matt Malone, SBN 221545
Email: mjm@rocklawcal.com
RAM, OLSON, CEREGHINO
   & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

Beth E. Terrell, CSB 178181
Email: bterrell@tmdwlaw.com
Mary B. Reiten, CSB 203142
Email:  mreiten@tmdwlaw.com
TERRELL MARSHALL DAUDT
   & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528
*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GOLD, TAMMY EMERY, EDWIN MENDEZ and CHRISTOPHER MASSARO on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation; and DOES1 through 200, inclusive,<br><br>           Defendant. | Case No. 14-cv-05373<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><u>CLASS ACTION</u> |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order pursuant to the Court's Order of March 2, 2015 (ECF No. 18).  The parties conducted their rule 26(f) meet and confer on March 20, 2105.

## I.   CASE JURISDICTION AND SERVICE

This class action is brought under 28 U.S.C. 1332(d)(2).

The Class Action Complaint was served on Defendant on December 11, 2014.  Proof of service was filed on the docket on December 12, 2014.

Plaintiff Gold, Plaintiff in the original Complaint, resides in Orinda, California. Venue is proper in the Northern District of California pursuant to 28 U.S.C. 1391(b)(2).

As this time, Plaintiff do not anticipate filing against any additional Defendants in this action.

## II.   FACTS

### A.   Plaintiffs' Statement Of The Case

Plaintiffs Dana Gold, Tammy Emery, Edwin Mendez and Christopher Massaro ("Plaintiffs"), on behalf of themselves and a class of similarly situated consumers, allege that Lumber Liquidators, Inc. ("Lumber Liquidators" or "Defendant") developed, marketed, advertised, and sold defective Morning Star Bamboo flooring ("Bamboo Flooring").  The Bamboo Flooring is defective in that it delaminates, scratches, splinters, cracks, warps, gaps (shrinkage) and buckles, causing it to fail its basic functions of acting as a useful and reliable floor product, among other problems.

Defendant's Bamboo Flooring is made by slicing mature bamboo into strips into desired widths, immersing the strips in an acid solution to eliminate sugars and starch, (in some cases) staining the material, binding it together into planks using an adhesive, and finally applying a curing lacquer.  Plaintiffs are informed and believe that Lumber Liquidators has been manufacturing and selling the flooring since approximately 2008.

The Named Plaintiffs reside in the following states: Ms. Gold, California, Ms. Emery, West Virginia, Mr. Mendez, Illinois, and Mr. Massaro, New York.  Each of the Named

1      Plaintiffs: (1) pre-purchase, reviewed Defendant's representations and relied on them; (2)

2      purchased their Bamboo Flooring directly from Defendant, spending thousands of dollars (Ms.

3      Emery spent $4,794.59; Mr. Mendez spent $5,634.34; Mr. Massaro spent $4,689); (3) properly

4      noticed Defendant upon realizing failures; (4) gave Defendant a reasonable opportunity to

5      respond; and (5) suffered similar injuries and failures.

6          On December 8, 2014, Plaintiffs filed a Class Action Complaint.  On February 13,

7      2015, Plaintiffs filed their First Amended Complaint ("FAC") alleging causes of action under

8      California Civil Code §1770, California Business and Professions Code §17200, California

9      Unfair Competition Law (Unfair Business Practice), New York General Business Law § 349

10     and the Illinois Consumer Fraud and Deceptive Business Practices Act.

11         As alleged in the FAC, Defendants marketed and warranted to consumers, that their

12     Bamboo Flooring was of superior quality and engineered and built to be long-lasting and

13     reliable.  Unfortunately, Defendant failed to properly and adequately develop and test the

14     Bamboo Flooring before making such representations.  In fact, Defendant knew of should have

15     known that the Bamboo Flooring was defective and unfit for its intended use.  In addition to the

16     defects listed above, Defendant has consistently refused to honor its warranties to class

17     members.

18         **B.     Defendant's Statement Of The Case**

19         Plaintiffs Dana Gold, Tammy Emery, Edwin Mendez and Christopher Massaro

20     ("Plaintiffs"), allege on behalf of themselves and others similarly situated that Defendant

21     Lumber Liquidators, Inc.'s ("Lumber Liquidators" or "Defendant") Morning Star Bamboo

22     Flooring is "defective."  In actuality, the "Morning Star Bamboo" product line includes 103

23     different types of flooring and Plaintiffs allege that they experienced at least seven independent

24     issues with the flooring they purchased.  These issues were expressly disclaimed by Plaintiffs,

25     as they are not "product defects," but are in fact installation- and/or site-related issues.

26         When each Plaintiff initially complained to Lumber Liquidators, he or she only had one

27     or two complaints about the particular flooring purchased.  After several months (and in one

1   case after a year), and only after contacting counsel, each Plaintiff identified new problems.

2   But if these problems were truly manufacturing defects, they were necessarily present at the

3   time of purchase.  Plaintiffs agreed in writing that they had the duty to inspect the products and

4   that "use constitutes acceptance."  Alternatively, if the problems occurred later, they were due

5   to installation problems or site conditions.  These sorts of issues are expressly excluded from

6   the warranty accompanying the product.  Simply put, it is not plausible that Lumber

7   Liquidators is liable for "false advertising" when Plaintiffs themselves caused the complained

8   of issues by misusing the product or failing to follow installation instructions.

9          This was all confirmed by independent third-party inspections in the case of Plaintiffs

10   Gold and Massaro, which concluded that there were *no* manufacturing defects present and

11   instead identified a host of installation errors, deviations from recommended installation

12   instructions, and improper site conditions.

13          Plaintiffs' claims will fail because they are challenging problems that they disclaimed.

14   Moreover, they will be unable to certify the proposed classes, as each Plaintiff alleges different

15   problems with the flooring he or she purchased.  Moreover, the complaints are all highly

16   idiosyncratic, dependent upon each site, the installation protocol used, and the type of defect

17   claimed.  This creates intractable individual issues that preclude resolution of any issues on a

18   classwide basis.

19          The parties agreed to discuss early settlement of this case.  The parties had an informal

20   settlement conference in San Francisco on February 27, 2015.  They are currently engaged in

21   further settlement negotiations.

22   **III.    LEGAL ISSUES**

23          **A.  <u>Plaintiffs' Legal Issues</u>**

24          Plaintiffs believe that this case involves the resolution of the following common legal

25   issues:

26          a. Whether the Bamboo Flooring is subject to premature failure well in advance of its

27   represented thirty-year useful life;

---

b. Whether the Bamboo Flooring is not suitable for use as a long-term flooring product;

c. Whether Defendant knew, or should have known, of the defective nature of the Bamboo Flooring before making available for purchase and use by the Plaintiffs and the Class;

d. Whether Defendant failed to disclose to Plaintiffs and the Class the defective nature of the Bamboo Flooring;

e. Whether Defendant's failure to disclose material facts violated Business Professions Code Section 17200;

f. Whether Defendant's warranty practices, by repeatedly concealing the true nature of the defects in the Bamboo Flooring through the use of diversionary tactics and false investigative reports, violated Business & Professions Code Section 17200;

g. Whether Defendant's failure to inform purchasers that the Bamboo Flooring was susceptible to the failures alleged herein was a material omission, the nondisclosure of which was a deceptive sales practice under the consumer protection statutes of applicable state law;

h. Whether Defendant owed a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the testing, design, production, manufacturing, warranting and marketing of the Bamboo Flooring;

i. Whether Defendant breached its duties to the Plaintiffs and the Class by designing, manufacturing, producing, marketing, advertising, and selling defective flooring to Plaintiffs and the Class;

j. Whether Defendant had a duty to Plaintiffs and the Class to disclose the true nature of the Bamboo Flooring;

k. Whether the facts not disclosed by Defendant to Plaintiffs and the Class are material facts;

l. Whether Defendant knew, or should have known that the Bamboo Flooring would prematurely fail, is not suitable for use as flooring in residences or businesses system,

and otherwise is not as represented by Defendant;

m. Whether Defendant violated California's Consumers Legal Remedies Act, (California Civil Code §1750 et seq.), when it concealed or failed to disclose the true nature of its Bamboo Flooring, and represented, through their advertising, warranties and other express representations that the Bamboo Flooring had characteristics that it did not actually have;

n. Whether, in committing the acts alleged herein, Defendant engaged in unfair competition and in an unfair business practice or practices within the meaning of California Business and Professions Code §17200;

o. Whether such acts or practices were illegal, unfair, or fraudulent within the meaning of California Business and Professions Code § 17200;

p. Whether Plaintiffs and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively;

q. Whether Defendant should be declared financially responsible for notifying all Class Members of the defective Product and for the costs and expenses of repair and replacement of all defective flooring materials and providing restitution of monies paid and inadequate value given;

r. Whether Defendant should be ordered to disgorge, for the benefit of the Class, all or part of their ill-gotten profits received from the sale of defective Bamboo Flooring and/or to make full restitution to Plaintiffs and the Class Members; and

s. Whether Defendant should be enjoined from continuing to market the Bamboo Flooring, as defined herein, utilizing misleading misrepresentations and omission of material facts.

### B.    Defendant's Legal Issues

The case involves the following legal issues: (i) whether there are common questions as to law and fact among the class; (ii) whether Plaintiffs assert claims that are typical of the class; (iii) whether Plaintiffs are adequate class representatives; (iv) whether individual issues

1   predominate over common questions of law and fact; (v) whether a class action is superior to

2   other methods of adjudication; (vi) whether there is an appropriate method to determine

3   damages for class members; (vii) whether a class can be certified when there are no complaints

4   other than those attributed to installation error or site issues; (viii) whether the proposed classes

5   are overbroad; (ix) whether Plaintiffs' claims are barred by the warranty; (x) whether Plaintiffs

6   relied on Lumber Liquidators' alleged statements; (xi) whether Plaintiffs have stated any

7   plausible claims where they are responsible for final inspection of the product and are not to

8   install any defective product; (xii) whether Plaintiffs have sufficiently alleged fraud under Rule

9   9(b).

10  **IV.    MOTIONS**

11          **A. Plaintiffs:**  Plaintiffs will be filing Motion for Class Certification.

12          **B. Defendant.**

13  By stipulation filed on March 9, 2015, Defendant's answer to the FAC is due on before April

14  15, 2015.  The parties are currently engaged in settlement discussions.  In the event settlement

15  discussions are not successful, Defendant anticipates filing a motion to dismiss.

16  **V.     EVIDENCE PRESERVATION**

17          The parties are familiar with the ESI Guidelines and have met and conferred pursuant to

18  Rule 26(t) regarding reasonable and appropriate steps taken to preserve evidence relevant to the

19  issues reasonably evident in this action.

20          Defendant has distributed document retention notices to appropriate document

21  custodians requiring affirmative steps to retain relevant documents or discoverable evidence in

22  their possession, custody, or control.

23          The parties will continue to discuss whether and to what extent any additional steps may

24  be necessary to ensure the preservation of relevant evidence.  Should this case proceed and

25  continue past the motion to dismiss stage, the parties will meet and confer regarding the scope

26  and nature of electronic discovery in this case as required by and consistent with applicable law

27

1  and the local rules.  If the parties are unable to reach an understanding on evidence preservation

2  or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

3  **VII.   DISCLOSURES:**

4        The Parties have not exchanged initial disclosures as of the date of this Statement.

5  **VIII.   DISCOVERY**

6        **A.       Plaintiffs Position**

7        **1.   Initial Disclosures:**

8        The parties will provide initial disclosures within twenty (20) days of the scheduling

9  conference with the Court.

10        **2.   Request for Documents**

11        Unlimited pursuant to the Federal Rules of Civil Procedure.

12        **3.   Interrogatories**

13        Plaintiffs believe that they will need 45 interrogatories.

14        **4.   Depositions**

15        Plaintiffs believe that they will need to take twelve (12) depositions to properly

16  prosecute this action.

17        **5.   Proposed Fact Discovery Schedule**

18        Provided Defendant makes timely responses to the discovery requests, Plaintiffs

19  propose the following schedule

20        1.       Fact discovery to be completed by October 9, 2015.

21        2.       Expert Discovery shall be completed in accordance with the following

22              deadlines:

23              a.       Plaintiffs shall disclose their expert and produce reports on or before

24        November 5, 2015.

25              b.       Defendant shall disclose their expert and produce reports on or before

26        December 5, 2015.

27              c.       Depositions of any experts shall be completed by January 29, 2016.

     d.      Daubert Motions, if any, shall be filed on or before February 18, 2016.

     e.      Oppositions to Daubert Motions, if any, shall be filed on or before March 18, 2016.

3.   The Court will set deadlines for other pretrial activities and a trial date thereafter.

**B.**        **Defendant's Position**

**1.   Initial Disclosures**

The immediate exchange of initial disclosures would be premature, given that the parties are attempting to settle the case, and Defendant may file a motion to dismiss. The exchange of initial disclosures should not occur until the pleadings are at rest. In the event Defendant does not file a motion to dismiss, the parties will meet and confer about a time to exchange initial disclosures.

**2.   Other Discovery Matters**

For the reasons stated above, it is premature to discuss the format and scope of discovery at this time. Moreover, no discovery should commence until the pleadings are settled and the scope of the case is clear. Thus, whether, and to what extent, discovery is necessary cannot be determined until a decision on any motion to dismiss. If need for discovery arises, the parties will meet and confer regarding the electronically stored information.

**IX:   CLASS CERTIFICATION AND PROPOSED CLASS CERTIFICATION SCHEDULE**

**A. Plaintiffs:**  Plaintiffs intend to move for class certification under Fed. R. Civ. P. 23 and allege that this case satisfies the requirements of numerosity, pursuant to Fed. R. Civ. P. 23 (a)(1) (although the actual size of the Class is uncertain, Plaintiffs are informed and believes the Class is comprised of many of thousands of property owners throughout the United States, making joinder impractical); commonality, pursuant to Fed. R. Civ. P. 23 (a)(2) (there exist questions of law and fact common to all Members of the Class.); typicality,  pursuant to Fed. R.

Civ. P. 23 (a)(3) (the claim of the representative Plaintiffs are typical of the claims of the Class, in that the representative Plaintiffs, like all Class Members, own a structure in which the defective Product was installed and failed prematurely.); adequacy, pursuant to Fed. R. Civ. P. 23 (a)(4) (Plaintiffs will fairly and adequately represent and protect the interests of the Class.); predominance and superiority, pursuant to Fed. R. Civ. P. 23 (b)(3) (common questions of law and fact predominant over any questions involving individualized analysis and Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct); and injunctive relief, pursuant to Red. R. Civ. P. 23 (b)(2) (the Defendant engaged and continue to engage in business practices which are unfair, unlawful and/or fraudulent in violation of California's Unfair Competition Law (Business & Professions Code sections 17200 et seq.) and the False Advertising Law (Business & Professions Code sections 17500 et seq.) by, among other things, advertising and representing the Product, at issue herein, has characteristics and benefits, such as a maintenance free system or longevity, that are not accurate).

The FAC contains the following classes:

Nationwide Class:

All individuals in the United States who own homes or other structures where Morning Star Bamboo Flooring, manufactured and sold by Lumber Liquidators Inc., is installed, or who paid to replace Morning Star Bamboo flooring products, manufactured and sold by Lumber Liquidators due to Product performance. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

California Sub-Class:

All individuals in the State of California who purchased, for personal, family or household use, Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators, Inc. Products, or

homes in which Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators Product were installed, or who paid to replace Morning Star Flooring Product manufactured and sold by Lumber Liquidators Inc. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

New York Sub-Class:

All individuals in the State of New York who purchased, for personal, family or household use, Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators, Inc. Products, or homes in which Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators Product were installed, or who paid to replace Morning Star Flooring Product manufactured and sold by Lumber Liquidators Inc. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

Illinois Sub-Class:

All individuals in the State of Illinois who purchased, for personal, family or household use, Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators, Inc. Products, or homes in which Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators Product were installed, or who paid to replace Morning Star Flooring Product manufactured and sold by Lumber Liquidators Inc. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

West Virginia Sub-Class:

All individuals in the State of West Virginia who purchased, for personal, family or household use, Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators, Inc. Products, or homes in which Morning Star Bamboo Flooring manufactured and sold by Lumber Liquidators Product were installed, or who paid to replace Morning Star Flooring Product manufactured and sold by Lumber Liquidators Inc. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the

judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

Facts showing that the Plaintiffs are entitled to maintain their action under Fed. R. Civ. P. 23(a) and (b) are contained herein in sections I, II and III and in the FAC.

Proposed Class Certification Schedule:

a.     Class Certification Motion due on or before April 2016.

b.     Class Certification Opposition due on or before May 16, 2016.

c.     Class Certification Reply due on or before June 3, 2016.

**B. Defendant.**   At the appropriate time to set a schedule, Defendant believes that the briefing schedule on any motion for class certification should reflect the amount of time necessary to conduct expert and factual discovery.  Consequently, any class certification schedule that is set should afford Defendant at least 60 days from the date of the motion to engage rebuttal experts and prepare its opposition.

**X.     RELATED CASES:**  None

**XI.     RELIEF.**   Plaintiffs seek compensation for the purchase cost  of defective flooring, removal cost of the same, reimbursement to class members who have removed defective flooring and such other relief as may adequately compensate class members

**XII.     SETTLEMENT**

The parties are exploring whether this case can be resolved and have conferred on the subject.

**VIII.     CONSENT TO MAGISTRATE JUDGE**

The parties  do not consent to a magistrate judge  for all purposes.

**XIV.  OTHER REFERENCES.**

None applicable.

**XVI.     EXPEDITED TRIAL PROCEDURE**

1        The parties do not believe this matter is appropriate for the Expedited Trial Procedure

2   of General Order 64.

3   **XVII.  SCHEDULING.**

4        Plaintiffs' proposed schedule and Defendant's position is set forth above.

5   **XVIII. TRIAL PLAN**

6        Plaintiffs anticipate a trial will last approximately eight (9) court days.

7        Defendant anticipates that a trial will last approximately three (3) court days.

8   **XIX. DISCLOSURE OF NON-party INTERESTED ENTITIES OR PERSONS.**

9        **A.  Plaintiffs.**  None

10       **B.  Defendant.   None.**

11  **XX. PROFESSIONAL CONDUCT**

12       **A.**  Plaintiff Counsel has reviewed the Guidelines for Professional Conduct, as has

13          Defendant's counsel.

14  **XXI. OTHER.**

15       **A.**  Plaintiffs.  None at this time.

16       **B.**  Defendants.  None at this time.

17

18  Dated: March 23, 2015                    By: ***/s/ Jeffrey B. Cereghino***

19                                      Jeffrey B. Cereghino, SBN 099480
Michael F. Ram, SBN 104805

20                                      Susan Brown, SBN 287986
RAM, OLSON, CEREGHINO

21                                      & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820

22                                      San Francisco, California 94111
Telephone: (415) 433-4949

23                                      Email: jbc@rocklawcal.com

24                                      Email: mram@rocklawcal.com

25

26                                      Charles J. LaDuca (PHV)
Brendan S. Thompson (PHV)

27                                      Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20816

1                         Telephone: (202) 789-3960
                            charlesl@cuneolaw.com
2                         brendant@cuneolaw.com

3                         Beth E. Terrell, CSB #178181
                        Email: bterrell@tmdwlaw.com
4                         Mary B. Reiten, CSB #203142
                        Email:  mreiten@tmdwlaw.com
5                         TERRELL MARSHALL DAUDT & WILLIE
                        PLLC
6                         936 North 34th Street, Suite 300
7                         Seattle, Washington  98103-8869
                        Telephone:  (206) 816-6603
8                         Facsimile:  (206) 350-3528

9

10                         Jordan L. Chaikin
                        Parker Waichman LLP
11                         27300 Riverview Center Boulevard, Suite 103
                        Bonita Springs, Florida 34134
12                         Telephone:     (239) 390-1000

13                         Michael McShane
                        Audet & Partners, LLP
14                         221 Main Street, Suite  1460
                        San Francisco, CA  94105
15                         Telephone:     (415) 568-2555

16                         Erica C. Mirabella
17                         132 Boylston Street, 5th Floor
                        Boston, MA 02116
18                         Telephone:     (617) 580-8270
                        Email: erica@mirabellallc.com
19

20                         Robert Shelquist
                        Lockridge Grindal & Nauen
21                         100 Washington Avenue South
                        Suite 2200
22                         Minneapolis, MN 55401
                        Telephone:     (612) 339-6900
23                         Email: rkshelquist@locklaw.com

24                         *Counsel for Plaintiffs*

25

26

27   Dated: March 23, 2015         */s/ William L. Stern*
                        WILLIAM L. STERN (CA SBN 96105)
                        WILLIAM F. TARANTINO (CA SBN 215343)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LISA A. WONGCHENKO (CA SBN 281782)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: WStern@mofo.com

*Counsel for Defendant*
Lumber Liquidators, Inc.