UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA GOLD, et al.,

    Plaintiffs,

v.

LUMBER LIQUIDATORS, INC.,

    Defendant.

Case No. 14-cv-05373-TEH

**ORDER RE: JUNE 19, 2017 HEARING**

Counsel shall come prepared to address the following questions at the June 19, 2017 hearing on Plaintiffs' motion for leave to amend their class action complaint:

**<u>For Plaintiffs</u>**

1. You argue that your opening class certification brief your California class included "persons, not just individuals, who purchased the flooring," and that this class "was not limited to those who purchased the flooring for personal, family, or household use." Motion at 5:23–6:1 (internal quotation marks omitted). But your cited footnote in support of this proposition merely stated your UCL claim "should not be restricted to individuals who purchased the flooring for personal, family, or household use," and your Proposed Order only mentioned "persons" once in the Order section. ECF No. 111 at 16:17–18 n. 8; ECF No. 111-1 at 16:14–15. Moreover, as Defendant points out, both your initial motion and your Proposed Order explicitly requested certification of six classes of *individuals* from each state. ECF No. 111 at 1:13–15; ECF No. 111-1 at 2:18–20. In light of these observations, please explain why you believe your initial papers were clear in requesting a California class that included all "persons" and not just individuals.

2. Please respond to Defendant's argument that allowing Plaintiffs to add "entire categories of previously unidentified customers and product uses" would deprive it of the ability to conduct additional discovery and to brief the issue, thus constituting prejudice to it. Opp'n at 6:13–20.

**<u>For Defendant</u>**

3. Plaintiffs have proposed omitting "entities" from their California class and only including "persons". Reply at 3–4. Please respond to Plaintiffs' proposal.

4. Please respond to Plaintiffs' claim that "courts routinely certify both CLRA and UCL claims without limiting classes to consumers." Reply at 5:19–6:7.

5. In your Opposition, you cited cases where district courts have allowed plaintiffs to "narrow" their proposed class definition at the class certification stage. *See* Opp'n at 2–3 (citing *Abdeljalil v. General Elec. Capital Corp*, 306 F.R.D. 303, 306 (S.D. Cal. 2015 and *In re Conseco Life Ins. Co. Lifetrend Ins. Sales and Marketing Litig.*, 270 F.R.D. 521, 530 (N.D. Cal. 2010)). Do you take issue with allowing Plaintiffs to merely narrow their class definitions purchasers of Morning Star Strand Bamboo Flooring? If so, why should the Court not follow *Abdeljalil* and *In re Conseco* in allowing Plaintiffs to narrow their complaint?

**For Both Parties**

6. Assuming the Court grants Plaintiffs' motion for leave to amend – either to narrow, expand, or to do both – would this affect the parties' previously submitted briefing on Plaintiffs' motion for class certification or Defendant's *Daubert* motion? If so, how should the Court address this issue?

7. Please come prepared to address the scheduling of oral arguments on Plaintiffs' motion for class certification and Defendant's *Daubert* motion.

**IT IS SO ORDERED.**

Dated: 6/15/2017

_____
THELTON E. HENDERSON
United States District Judge

2