UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA GOLD, et al.,
   Plaintiffs,
v.
LUMBER LIQUIDATORS, INC.,
   Defendant.

Case No. 14-cv-05373-TEH

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT**

   Presently before the Court is Plaintiffs' motion for leave to amend their class action complaint. ECF No. 154 ("Mot."). Defendant Lumber Liquidators timely opposed the motion, ECF No. 165 ("Opp'n."), and Plaintiffs timely replied, ECF No. 166 ("Reply"). The Court heard oral arguments on Plaintiffs' motion on June 19, 2017. ECF No. 169. After carefully considering the parties' written and oral arguments, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

I. **FACTUAL BACKGROUND**

   Plaintiffs Dana Gold, John Triana, Edwin Mendez, Laura Norris, Donald Fursman, and Tammy Emery are residents of California, Florida, Illinois, Minnesota, Pennsylvania, and West Virginia, respectively. ECF No. 63 (Third Amended Complaint ("TAC")) ¶¶ 8–10, 12–14. All six Plaintiffs purchased and installed Lumber Liquidator's Morning Star bamboo flooring in their homes, and shortly thereafter began experiencing alleged product defects. *Id.* ¶¶ 27, 39, 52, 74, 93, 98, 110. Plaintiffs' TAC alleges that Lumber Liquidators' Morning Star Bamboo Flooring "is defectively designed, tested, and manufactured, and will warp, buckle, splinter, and unreasonably scratch and dent when used in its intended manner. *Id.* ¶¶ 1, 128. "These failures are common in the product regardless of when, where, or how it is installed." *Id.* at ¶ 128. Additionally, Plaintiffs allege Lumber Liquidators "communicate[d] representations about the durability and quality of the Product and about its warranty to the general public and contractors," yet

Lumber Liquidators "concealed from and/or failed to disclose to Plaintiffs and Class Members the defective nature of the Product." *Id.* ¶ 115. As a result of this alleged misconduct, Plaintiffs and class members have suffered actual damages. *Id.* ¶ 129.

Plaintiffs' TAC outlines a nationwide class and eight sub-classes. *Id.* ¶ 149. The nationwide class is defined in relevant part as "[a]ll individuals in the United States who purchased Morning Star Bamboo Flooring, manufactured and sold by Lumber Liquidators, Inc." *Id.* The eight sub-classes are currently defined, in relevant part, as "[a]ll individuals in the [respective state] who purchased, for personal, family, or household use, Morning Star Bamboo Flooring, manufactured and sold by Lumber Liquidators, Inc." *Id.* The TAC also sets forth nine causes of action: first cause of action for violation of California Consumers Legal Remedies Act ("CLRA") (*id*. ¶¶ 163–68); second cause of action for violation of California Unfair Competition Law ("UCL") through unlawful business practices (*id*. ¶¶ 169–76); third cause of action for violation of UCL through unfair business practices (*id*. ¶¶ 177-81); fourth cause of action for violation of New York General Business Law § 349 (*id*. ¶¶ 182–96); fifth cause of action for violation of Illinois Consumer Fraud and Deceptive Business Practices Act (*id*. ¶¶ 197–206); sixth cause of action for violation of Pennsylvania Unfair Trade Practices & Consumer Protection Law (*id.* ¶¶ 207–13); seventh cause of action for violation of Minnesota Consumer Fraud Act (*id.* ¶¶ 214–21); eighth cause of action for violation of West Virginia's Consumer Credit and Protection Act (*id.* ¶¶ 222–28); ninth cause of action for violation of Florida's Deceptive and Unfair Trade Practices Act (*id.* ¶¶ 228–39).

II. **PROCEDURAL BACKGROUND**

In February 2017, Plaintiffs filed a motion for class certification pursuant to rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, challenging Lumber Liquidators' business practices with respect to the sale and marketing of Morning Star Bamboo Flooring. *See generally* ECF No. 111. In this motion, Plaintiffs specifically "request[ed] certification of six classes consisting of individuals in the following states who purchased, for personal, family, or household use, Morning Star bamboo flooring

manufactured and sold by [Lumber Liquidators] from January 1, 2008 to present: California, Florida, Illinois, Minnesota, Pennsylvania, and West Virginia." ECF No. 111 at 11:8–13.[1] Lumber Liquidators opposed Plaintiffs' motion by arguing, among many other things, that Plaintiffs had failed to show there were any issues common to the class because "Morning Star Bamboo is not a single product," and the brand encompasses 243 different styles of flooring. ECF No. 133-3 at 6. In reply to this argument, Plaintiffs altered their proposed class definitions to the following:

> (1) classes of individuals in Florida, Illinois, Minnesota, Pennsylvania, and West Virginia who purchased, for personal, family, or household use, Morning Star Strand Bamboo flooring manufactured and sold by Lumber Liquidators from January 1, 2008 to the present; and (2) a class of persons and entities in California who purchased Morning Star Strand Bamboo flooring manufactured and sold by Lumber Liquidators from January 1, 2008 to the present. This definition excludes certain recently introduced Morning Star products, including engineered bamboo and "Ultra."

ECF No. 142-3 at 2:15–23. Subsequently, Lumber Liquidators sought leave to file a surreply on the grounds that Plaintiffs' reply substantially revised the proposed class definitions set forth in Plaintiffs' TAC and motion for class certification, which allegedly raised new issues. *See* ECF No. 150. The Court granted Lumber Liquidators' leave to file a surreply, ECF No. 151, which it did, ECF No. 152. In its surreply, Lumber Liquidators claimed the amended class definitions were impermissible because Plaintiffs "not only narrow[ed] the product definition for all classes, but also broaden[ed] – without any explanation – the scope of class members in the California class." ECF No. 152 at 1: 18–25. Lumber Liquidators also cited several cases to suggest that Plaintiffs cannot alter their class definition at the motion for class certification stage without seeking leave to amend. *Id.* at 3–4. In response to the surreply, Plaintiffs filed the present motion for leave to amend their class action.[2]

---

[1] Although the TAC also mentions a nationwide and New York class, Plaintiffs did not move for certification of those classes. *Compare* TAC ¶ 149, *with* ECF No. 142-3 at 16–23. The parties stipulated to dismissing New York's class representative, Plaintiff Christopher Massaro, without prejudice under Fed R. Civ. P. 41(a)(1). ECF No. 85.
[2] The Court granted the parties' stipulation to expedite the scheduling of briefing and oral

## III. LEGAL STANDARD

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Rule 15 advises the Court that "leave shall be freely given when justice so requires." Fed R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). However, a court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these so-called *Foman* factors, prejudice to the opposing party is the most important and carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## IV. DISCUSSION

### a. The Court May Consider Plaintiffs' Newly-Proposed Class Definitions at this Class Certification Stage

Lumber Liquidators contests Plaintiffs' motion on several grounds. First, Lumber Liquidators argues that the Court cannot consider Plaintiffs' newly-defined class definitions because they are different than those stated in Plaintiffs' TAC. Opp'n at 1–2. In support of this argument, Plaintiffs rely on cases where district courts have refused to consider class definitions that are different from those contained in a plaintiff's complaint.

---

arguments on Plaintiffs' motion for leave to amend their class action complaint. At the same time, finding that the resolution of this motion may fundamentally affect Plaintiffs' pending motion for class certification and Defendant's *Daubert* motion, the Court vacated oral arguments on these two pending motions. See ECF No. 160.

4

*Id.* (citing *Costelo v. Chertoff*, 258 F.R.D. 600, 604–05 (C.D. Cal. 2009); *Richie v. Blue Shield of Cal.*, No. C-13-2693 EMC, 2014 U.S. Dist. LEXIS 170446, at *41 (N.D. Cal. Dec. 9, 2014); *Berlowitz v. Nob Hill Masonic Mgmt., Inc.,* No. C-96-01241 MHP, 1996 U.S. Dist. LEXIS 22599, at *5–6 (N.D. Cal. Dec. 6, 1996)). Notably, however, in each of these cases the court refused to consider certifying a class different from that stated in the complaint *where the plaintiff failed to seek leave to amend the complaint*. Thus, these cases do not apply here, where Plaintiffs are seeking leave to amend to their complaint.

### b. **Analysis of Plaintiffs' Proposed Changes**

Second, Lumber Liquidators argues that should the Court consider Plaintiffs' motion to amend, the *Foman* factors weigh against allowing Plaintiffs to amend their class definitions. Opp'n at 4–7. Plaintiffs' California class in their proposed Fourth Amended Class Action Complaint illustrate the following redlined changes from the TAC:

> California ~~Sub-~~Class: All ~~individuals~~ persons and entities in the State of California who purchased~~, for personal, family, or household use,~~ Morning Star <u>Strand</u> Bamboo Flooring manufactured and sold by Lumber Liquidators, Inc. <u>from January 1, 2008 to present.</u>

ECF No. 155 ("Cereghino Decl."), Ex. A at ¶ 138. Because Plaintiffs' proposed changes to their class definitions consist of two substantive changes, the Court turns to address each change individually.

#### i. **Plaintiffs' Proposed Amendment to Narrow the Product in their Complaint is Appropriate**

Initially, Plaintiff's class definition was restricted to purchasers of Morning Star Bamboo Flooring. TAC ¶ 149. Now, Plaintiffs move to amend their complaint to include only purchasers of Morning Star *Strand* Bamboo Flooring. As both parties acknowledge, this change merely narrows Plaintiffs' proposed Class definitions. *See* Mot. at 2:21–24; Opp'n at 7:17–19. In its papers and during oral arguments, Lumber Liquidators asserts it would be prejudiced by the narrowing of proposed classes because had it known only strand bamboo products were at issue, it would have had its experts focus their analysis on

5

strand products. Opp'n at 7:6–9. But very similar arguments were rejected in *Abdeljalil v. General Elec. Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015). There, the defendant claimed it would be prejudiced by plaintiff's narrowing of the class because "discovery would have been conducted differently if it was premised on the new definition." *Id.* at 306.[3] Yet, the court agreed with the plaintiff that "no prejudice [would] result to defendant by narrowing the class as opposed to seeking to broaden the class." *Id.* Moreover, several courts – including this one – have allowed plaintiffs to seek class certification of a class that is narrower than the class initially proposed in their complaint without seeking leave to amend. *See, e.g., Sandoval*, 2015 WL 1926269, at *2–3 (allowing plaintiffs to seek class certification of a narrowed proposed class without amending complaint); *Abdeljalil*, 306 F.R.D. at 306 (same); *In re Conseco Life Ins. Co. Life Trend Ins. Sales and Mktg. Litig.*, 270 F.R.D. 521, 530 (N.D. Cal. 2010) (same); *Wolf v. Hewlett Packard Co.*, No. CV 15-01221 BRO (GJSx), 2016 WL 7743692, at *8 n. 4 (C.D. Cal. Sept. 1, 2016) (same); *Knutson v. Schwan's Home Service, Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *5 (S.D. Cal. Sept. 5, 2013) (same).[4] Further, "the basic responsibility for determining the extent of a class membership falls upon the trial judge," and a plaintiff's own narrowing of a class definition helps the judge ensure "the class feature of the litigation [is] within reasonably manageable proportions and bounds." 32B AM. JUR. 2D *Federal Courts* § 1600 (footnotes omitted).[5]

In sum, given that courts frequently allow plaintiffs to seek certification of narrowed classes without amending their complaint, and given that district courts are tasked with ensuring class definitions are properly tailored, it would not make sense to prohibit a plaintiff from narrowing their class definition, especially when they are seeking

---

[3] Discovery closed on January 9, 2017. *See* ECF No. 89.
[4] Because these cases have allowed plaintiffs to alter their class definition at the class certification stage, the Court dismisses Lumber Liquidators "undue delay" argument. *See* Opp'n at 5.
[5] The Ninth Circuit has also explained that "the burden of proposing a narrower class" falls on the plaintiff, not the district court. *Roger v. Epson Am., Inc.*, 648 F. App'x 717, 719 (9th Cir. 2016).

leave to do so, as the Plaintiffs are here. Accordingly, the Court finds Lumber Liquidators would not be prejudiced by Plaintiffs' narrowing of their class definition and GRANTS Plaintiffs' motion for leave to amend as to the narrowing of the product in their classes from "Morning Star Bamboo Flooring" to "Morning Star Strand Bamboo Flooring."[6]

### ii. **Plaintiffs Proposed Amendment to Expand their California Class is Not Appropriate**

In their motion for leave to amend, Plaintiffs assert their proposed change to their California class merely "narrows" their California class. Mot. at 1:2–3, 7:2–5. But this statement blatantly ignores Plaintiffs' own admission that they "added 'entities' to the proposed California class definition," *id.* at 2:25–3:1, and Plaintiffs' omission of language that previously limited the class by product use (i.e., "for personal, family, or household use").[7] Thus, Lumber Liquidators is correct in stating that Plaintiffs are seeking to *expand* the membership of their California Class rather than just narrow it.

Plaintiffs' attempt to justify their proposed California Class expansion by alleging that they had intended to certify a class of persons all along and that their amendment merely "clarifies" this point. For example, Plaintiffs claim their opening motion for class certification "requested certification of a California class that included all 'persons,' not just individuals who purchased the flooring," and that the California class was never limited to those who purchased the flooring "for personal, family, or household use." Reply at 3:17–19. In support of this assertion, Plaintiffs cite to pages 17–18 of their motion for class certification and footnote 8 on page 16. *Id.* Notably, however, pages 17–18 of Plaintiffs' class certification motion make no reference whatsoever to "persons" or "entities," or to an expanded California class – nor do any other pages in the motion.

---

[6] Plaintiffs may also amend their complaint to remove references to Christopher Massaro, the New York class, and the New York claim, and to remove any language the parties stipulated to strike from the Third Amended Complaint. *See* ECF No. 155 ¶ 3.
[7] Later, Plaintiffs proposed amending the California class to include only "persons" rather than "persons and entities." Reply at 14–20. However, during oral arguments, Lumber Liquidators explained it still took issue with this new definition because "persons" still includes "entities."

Footnote 8 states: "Because the UCL protects all purchasers, not just consumers, a class certified with respect to this claim should not be restricted to individuals who purchased the flooring for personal, family, or household use." ECF No. 109 at 16 n. 8. But this, too, fails to give any indication that Plaintiffs were actually seeking certification of a California Class broader than that in their TAC.[8] This is especially true in light of the fact that Plaintiffs' motion explicitly stated *twice* that they were moving for "certification of six classes of *individuals*." ECF No. 109-1 at 1:13–15, 11:8–11 (emphasis added). Lastly, Plaintiffs attempt to rely on their filed proposed order to claim they had always sought certification of a California class of persons. However, while Plaintiffs' proposed order does set forth a California class of "[a]ll persons," ECF No. 111-1 at 16:14–15, the same document also "request[s] certification of six classes of *individuals*. . . ." *Id.* at 2:18–20.[9]

In short, the Court finds Plaintiffs' proposal to add persons and/or entities to their California class, and to omit language that previously limited the class by product use is clearly an expansion of the California class. Plaintiffs' justifications for its expansion are simply unavailing.[10] Thus, the Court must weigh the *Foman* factors set forth above to determine whether granting Plaintiffs leave to amend would be appropriate.

In regard to Plaintiffs' proposed expansion of their California class, Lumber Liquidators argues it would prejudiced by the change because it would add "entire categories of previously unidentified customers and product uses that were not the subject of written discovery, deposition testimony, or expert analysis." Opp'n at 6:14–16. More specifically, Lumber Liquidators asserts Plaintiffs' late expansion deprived it of the

---

[8] "A footnote is the wrong place for substantive arguments on the merits of a motion . . . ." *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008).
[9] During oral arguments, Plaintiffs argued the proposed nationwide class in their TAC placed Lumber Liquidators on notice that it was contemplating a class consisting of more than individuals. Yet, this argument is belied by the TAC itself, which sets forth a nationwide class of "[a]ll *individuals* in the United States who purchased Morning Star Bamboo Flooring . . . ." TAC ¶ 149 (emphasis added).
[10] Although the Court is unpersuaded by Plaintiffs' justifications, the Court finds Plaintiffs' actions do not rise to the level of "bad faith," as argued by Lumber Liquidators. *See* Opp'n at 4:21–6:2.

8

opportunity to conduct discovery, among other things, of "differences between individual homeowners' purchase transactions and business or commercial purchase transactions, such as terms of sale, additional or different contractual and/or warranty terms and conditions, different installation practices, different end uses, and potential resale of products." *Id.* at 6:22–28. The Court agrees. Clearly, the inclusion of "entities" into Plaintiffs' California Class constitutes a significant change, one that would normally afford Lumber Liquidators additional discovery. And as mentioned above, Plaintiffs failed to put Lumber Liquidators on notice that their class action contemplated the inclusion of entities and not just consumers. *See supra.* Contrary to Plaintiffs' arguments, a sur-reply does not sufficiently cure Lumber Liquidators' prejudice. *See* Reply at 5 n. 2.

In short, the Court finds Plaintiffs' expansion would significantly prejudice Lumber Liquidators at this stage of the litigation. Thus, being that this *Foman* factor is the most significant to the Court's analysis, the Court DENIES Plaintiffs' motion for leave to amend to include persons and/or entities, or to omit the limiting use language from its California Class definition.[11]

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for leave to amend their class action complaint. Plaintiffs' Fourth Amended Complaint shall be filed **no later than June 26, 2017**. In light of the fact that this Order will result in the amendment of Plaintiffs' proposed class definitions and that the parties have already submitting briefing on Plaintiffs' class certification motion and Lumber Liquidators' *Daubert* motion, which were both based on now-obsolete class definitions, the parties shall be allowed to submit supplemental briefing. Both parties may submit supplemental briefing **of no more than 15 pages** addressing how Plaintiffs' updated class action complaint affects Plaintiffs' pending class certification motion and

---

[11] Because the Court denies Plaintiffs leave to amend to expand their California class to include persons and/or entities, or to omit the limiting use language, Lumber Liquidators' arguments regarding the potential conflict between Plaintiffs' proposed California class definition and the statutory language of the CLRA, *see* Opp'n at 4:5–19, are hereby moot.

9

Defendant's *Daubert* motion, if at all. The parties' optional supplemental briefs shall be due **July 10, 2017.** Oral arguments on both pending motions shall be heard on **July 31, 2017** at **10:00 AM.**

**IT IS SO ORDERED.**

Dated: 6/22/2017

_____
THELTON E. HENDERSON
United States District Judge