**MCGUIREWOODS LLP**
David S. Reidy (SBN 225904)
dreidy@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Bethany G. Lukitsch (SBN 314376)
blukitsch@mcguirewoods.com
Diane Flannery (Pro Hac Vice)
dflannery@mcguirewoods.com
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: 804.775.1000
Facsimile: 804.775.1061

Attorneys Specially Appearing for
Defendant Lumber Liquidators, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GOLD, TAMMY EMERY, EDWIN MENDEZ, LAURA NORRIS, DONALD FURSMAN, and JOHN TRIANA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation; and DOES1 through 200, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-05373-TEH<br><br>**DEFENDANT LUMBER LIQUIDATORS, INC.'S NOTICE OF AND MOTION TO TRANSFER UNDER FRCP 1404, IN THE ALTERNATIVE, TO ITS 12(B)(2) MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of C. Crowe; [Proposed] Order*]<br><br>Date: September 18, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 2<br><br>Judge: Hon. Thelton E. Henderson<br><br>Complaint Filed: December 8, 2014 |

---

DEFENDANT LUMBER LIQUIDATOR INC.'S NOTICE OF AND MOTION TO TRANSFER UNDER FRCP
1404, IN THE ALTNERATIVE, TO ITS 12(B)(2) MOTION TO DISMISS
CASE NO. 3:14-cv-05373-TEH

# NOTICE OF MOTION TO TRANSFER

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on September 18, at 10:00 a.m., in Courtroom 2[1] of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Thelton E. Henderson, in Courtroom 2, 17th Floor, Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), by and through their undersigned attorneys, hereby make a special appearance in this Court and does move the Court, in the alternative to dismissing Plaintiffs' Tammy Emery, Edwin Mendez, Laura Norris, Donald Fursman, and John Triana's ("Non-California Plaintiffs") Fourth Amended Class Action Complaint for lack of personal jurisdiction, to transfer Non-California Plaintiffs and Plaintiff Dana Gold's (collectively, "Plaintiffs") case and attendant claims pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Virginia, which is the judicial district where jurisdiction lies, the location of Lumber Liquidators' principal place of business, and the most efficient and convenient venue for all Parties.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of this Motion, the Declaration of Christopher N. Crowe, the pleadings and documents filed in this case, and such other written and oral argument as may be presented to the Court.

Dated: August 8, 2017

Respectfully submitted,

**MCGUIREWOODS LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Attorneys for Specially Appearing
Defendant Lumber Liquidators, Inc.

---

[1] Lumber Liquidators provides this notice and hearing date to comply with Civil L.R. 7-2(a)-(b). In light of Judge Henderson's upcoming retirement, Lumber Liquidators anticipates the Court will vacate this hearing date and allow Lumber Liquidators to re-notice the hearing date after a new Judge has been reassigned to this matter. *See* ECF No. 184.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 2

    A. PLAINTIFFS' COMPLAINT AGAINST LUMBER LIQUIDATORS .................. 2

    B. LUMBER LIQUIDATORS' 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ................................................................. 3

III. LEGAL STANDARD ................................................................................................. 3

IV. LEGAL ARGUMENT ................................................................................................ 4

    A. THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF VIRGINIA ................................................................................. 4

    B. TRANSFER PROMOTES CONVENIENCE AND FAIRNESS BECAUSE IT IS IN THE INTEREST OF THE PARTIES AND WITNESSES ................... 5

    C. TRANSFER SERVES THE INTERESTS OF JUSTICE ....................................... 7

    D. TRANSFER CAUSES NO HARM TO PLAINTIFFS ........................................... 8

V. CONCLUSION ............................................................................................................ 9

i

DEFENDANT LUMBER LIQUIDATOR INC.'S NOTICE OF AND MOTION TO TRANSFER UNDER FRCP 1404, IN THE ALTNERATIVE, TO ITS 12(B)(2) MOTION TO DISMISS
CASE NO. 3:14-cv-05373-TEH

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anrig v. Ringsby United*,
    603 F.2d 1319 (9th Cir. 1978).................................................................................................8

*Bristol-Myers Squibb Co.*,
    137 S. Ct. 1773, 1776 (2017) ...................................................................................................1

*Bunker v. Union Pac. R.R.*,
    No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. 2006)..............................................................5

*Cordoza v. T-Mobile U.S.A.*,
    No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. 2009)..............................................................5

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
    472 F. Supp. 2d 1183 (S.D. Cal. 2007) ....................................................................................5

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ...............................................................................................................5

*Fabus Corp. v. Asiana Exp. Corp.*,
    No. C-00-3172 PJH, 2001 WL 253185 (N.D. Cal. 2001).........................................................6

*Ferens v. John Deere Co.*,
    494 U.S. 516, 531 (1990) .........................................................................................................7

*Forrand v. Fed. Exp. Corp.*,
    No. C07-4674 THE, 2008 WL 276389 (N.D. Cal. Jan. 31, 2008).......................................8, 9

*In re Air Crash Over the Taiwan Straits on May 25, 2002*,
    331 F. Supp. 2d 1176 (C.D. Cal. 2004)....................................................................................8

*Gillespie v. Prestige Royal Liquors Corp.*,
    183 F.Supp.3d 996 (N.D. Cal. 2016) .......................................................................................4

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) .................................................................................................................8

*Hawkins v. Gerber Prod. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) ....................................................................................4

*Heartland Payment Sys. v. Verifone Israel Ltd.*
    No. 10-0654, 2010 WL 1662478, 2010 WL 1662478 (N.D. Cal. April 22, 2010)...................8

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) .................................................................................................................4

*Jones v. GNC Franchising, Inc.*,
    2011 F.3d 495 (9th Cir. 2000)...................................................................................................4

*Keene v. McKesson Corp.*,
    No. 12-CV-05924-JST, 2015 WL 9257949 (N.D. Cal. Dec. 17, 2015).....................................7

*Lou v. Belzberg.*,
    834 F.2d 730 (9th Cir. 1987)......................................................................................................9

*Mission Ins. Co. v. Purina Fashions Corp.*,
    706 F.2d 599 (5th Cir. 1983)......................................................................................................7

*Park v. Dole Fresh Vegetables, Inc.*,
    964 F. Supp. 2d 1088 (N.D. Cal. 2013) .....................................................................................4

*Royal Queentex Enterprises v. Sara Lee Corp.*,
    No. C-99-4787 MJ, 2000 WL 246599 (N.D. Cal. 2000) ...........................................................7

*Saleh v. Titan Corp.*,
    361 F. Supp. 2d 1152 (S.D. Cal. 2005) ......................................................................................5

*Sandoval v. Redfin Corp.*,
    No. 14-4444 SC, 2015 WL 65085 (N.D. Cal. Jan. 5, 2015) ......................................................8

*Schwartz v. Frito-Lay N. Am.*,
    No. C-12-02740 EDL, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012)......................................9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ..................................................................................................................3

*Van Slyke v. Capital One Bank*,
    503 F. Supp. 2d 1353 (N.D. Cal. 2007) .....................................................................................4

**Federal Statutes**

15 U.S.C. § 22 ....................................................................................................................................4

28 U.S.C.
    § 1391......................................................................................................................................4
    § 1404 ............................................................................................................................. *passim*

**California Statutes**

California Business and Professions Code,
    § 17200 *et seq.*.........................................................................................................................3

California Consumers Legal Remedies Act,
    Cal. Civ. Code § 1750 *et seq.* ..................................................................................................2

**Other State Statutes**

Florida's Deceptive and Unfair Trade Practices Act,
   Fla. Stat. § 501.201 *et seq.* .................................................................................................3

Illinois Consumer Fraud and Deceptive Business Practices Act,
   815 Ill. Comp. Stat. 505/1 *et seq.* .........................................................................................3

Minnesota Consumer Fraud Act,
   M.S.A. § 325F.68 *et seq.*......................................................................................................3

Pennsylvania Unfair Trade Practices & Consumer Protection Law,
   73 P.S. § 201 *et seq.* ............................................................................................................3

West Virginia's Consumer Credit and Protection Act,
   W. Va. Code §§ 46A-6 *et seq.*.............................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Based on alleged misrepresentations by Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), Plaintiffs Tammy Emery, Edwin Mendez, Laura Norris, Donald Fursman, and John Triana ("Non-California Plaintiffs") allegedly purchased defective Morning Star strand bamboo flooring (the "Products") for installation in their homes. All Plaintiffs, except Dana Gold, reside in and hail from various different states other than California.[2] Despite their utter lack of any connection to California, Non-California Plaintiffs seek to pursue their claims against specially-appearing Lumber Liquidators in California and to certify numerous non-California classes.

This Court lacks personal jurisdiction over Lumber Liquidators as to these Non-California Plaintiffs and the purported classes they seek to represent because Lumber Liquidators is an out-of-state defendant and the Non-California Plaintiffs' claims in this action do not arise from Lumber Liquidators' conduct within California. *See generally* Lumber Liquidators Motion to Dismiss, ECF No. 176 ("12(b)(2) Motion"). Specifically, this Court lacks <u>general</u> and <u>specific</u> jurisdiction over Lumber Liquidators as to Non-California Plaintiffs for two overarching reasons: (1) Lumber Liquidators is not "at home" in California; and (2) there is no "adequate link" between Non-California Plaintiffs and Lumber Liquidators commercial activities in California. *Bristol-Meyers Squibb Co.,* 137 S. Ct. 1773, 1776 (2017).

In the alternative to dismissal under 12(b)(2), Lumber Liquidators files this motion to transfer this case in its entirety, including all Plaintiffs, to the United States District Court for the Eastern District of Virginia because jurisdiction over the entire case—as pled—exists in Virginia, Lumber Liquidators resides and is headquartered in Toano, Virginia, and Non-California Plaintiffs have no connection with the Northern District of California. In addition, transfer of this case to the jurisdiction of Lumber Liquidators' residence will ensure that the case is heard in a single district court—avoiding the increased delay and inefficiencies associated with refiling in multiple

---

[2] Plaintiffs Emery, Mendez, Norris, Fursman, and Triana are collectively referred to as the "Non-California Plaintiffs" because none of them are residents of California. *See* FAC, Declaration of Bethany Lukitsch ("Lukitsch Decl."), Ex. A, ¶¶ 9-14.

1  jurisdictions and consideration by the Judicial Panel on Multidistrict Litigation ("JPML") panel on
2  consolidation, or the possibility of inconsistent rulings. Finally, transfer serves the convenience of
3  the Parties—documents already produced in the litigation and witnesses of Lumber Liquidators
4  who testified to date primarily are located in Virginia and Non-California Plaintiffs are
5  geographically closer to Virginia than California.

6        Because transfer is appropriate under relevant federal law and is in the best interest of the
7  Court and parties, Lumber Liquidators respectfully requests that this Court transfer this entire case
8  to the Eastern District of Virginia as an alternative to granting Lumber Liquidators 12(b)(2)
9  Motion and dismissing the Non-California Plaintiffs' cases outright.

10 **II.   BACKGROUND**
11     **A.   PLAINTIFFS' COMPLAINT AGAINST LUMBER LIQUIDATORS**
12       This litigation against Lumber Liquidators began in December 2014. ECF No. 1. Over
13 two years later, after completion of fact discovery and briefing, Plaintiffs moved for leave to file
14 their Fourth Amended Complaint ("FAC") near the conclusion of class certification and *Daubert*
15 briefing. ECF No. 154.

16       On June 22, 2017, the Court entered an Order Granting in Part and Denying in Part
17 Plaintiffs' Motion for Leave to Amend Class Action Complaint. ECF No. 170. In its Order, the
18 Court granted Plaintiffs' Motion for Leave to Amend to narrow the products in their classes from
19 "Morning Star Bamboo Flooring" to "Morning Star *Strand* Bamboo Flooring." *Id.* at p. 7:1-4.
20 The Court also denied Plaintiffs' Motion for Leave to Amend to include persons and/or entities, or
21 to omit the limiting use language from its California Class definition. *Id.* at p. 9:11-15. The Court
22 also permitted Plaintiffs to dismiss their nationwide class and their New York sub-class. *Id.* at p.
23 3, fn. 1.

24       On June 26, 2017, Plaintiffs filed their FAC against Lumber Liquidators. ECF No. 171.
25 The FAC filed on behalf of six named plaintiffs—five from non-California states and one from
26 California—asserts the following eight causes of action: (1) violation of the Consumer Legal
27 Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (2) violation of California Business and
28 Professions Code § 17200 *et seq.* under the unlawful business practice prong ("UCL"); (3)

violation of California Business and Professions Code § 17200 *et seq.* under the unfair business practice prong ("UCL"); (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* ("CFA"); (5) violation of Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73 P.S. § 201 *et seq.*; (6) violation of Minnesota Consumer Fraud Act, M.S.A. § 325F.68 *et seq.*; (7) violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code §§ 46A-6 *et seq.*; and (8) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). *Id.* In addition, the FAC seeks to certify six subclasses, five of those consisting of class members who reside outside of California. *Id.* ¶ 138.

### B. LUMBER LIQUIDATORS' 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

On July 10, 2017, in response to Plaintiffs' FAC, Lumber Liquidators timely filed a motion to dismiss Non-California Plaintiffs under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. ECF No. 172. That same day, Lumber Liquidators filed an answer only as to Plaintiff Dana Gold. ECF No. 174. On July 24, 2017, Non-California Plaintiffs filed an opposition to Lumber Liquidators' 12(b)(2) motion. ECF No. 185. On July 31, 2017, Lumber Liquidators filed a reply in support of its 12(b)(2) motion. ECF No. 188.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if such a transfer is convenient to the parties and witnesses.[3] 28 U.S.C. § 1404(a). The purpose of this provision is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

---

[3] A court need not have personal jurisdiction over the defendant before transferring the action to another, more convenient district under 28 U.S.C. § 1404(a). *Fort Knox Music Inc. v. Baptiste,* 257 F.3d 108, 111 (2nd Cir. 2001); *see also In re Genentech, Inc.,* 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("[T]he district court has the power to transfer venue even if it lacks personal jurisdiction over the defendants.").

The moving party must show that the transferee forum is "one in which the action might have been brought." *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). Subsequently, the moving party must "demonstrate that a transfer of venue would promote the convenience of parties and witnesses and the interests of justice." *Gillespie v. Prestige Royal Liquors Corp.,* 183 F.Supp.3d 996, 1001 (N.D. Cal. 2016). In assessing whether to transfer, courts consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *See Van Slyke v. Capital One Bank,* 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007).[4] Finally, "the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 2011 F.3d 495, 498 (9th Cir. 2000) (internal quotations omitted).

## IV. LEGAL ARGUMENT

### A. THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF VIRGINIA

As a threshold matter, this "case could have been brought in the forum to which the moving party seeks to transfer the case." *Park v. Dole Fresh Vegetables, Inc.,* 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013). Lumber Liquidators resides in Toano, Virginia—the location of its principal place of business. Declaration of Chris Crowe ("Crowe Decl."), ¶ 6. Lumber Liquidators also is licensed to do business, transacts business, and has agents, employees, and corporate officers in Virginia. Crowe Decl., ¶ 7. Furthermore, general personal jurisdiction exists over Lumber Liquidators in Virginia because it is headquartered with its principal place of business there. Crowe Decl., ¶ 6. Accordingly, venue in the Eastern District of Virginia is proper under 28 U.S.C. § 1391 and 15 U.S.C. § 22.

---

[4] Such factors include "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum." *Hawkins v. Gerber Prod. Co.,* 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013).

## B. TRANSFER PROMOTES CONVENIENCE AND FAIRNESS BECAUSE IT IS IN THE INTEREST OF THE PARTIES AND WITNESSES

"The convenience of witnesses is often the most important factor in resolving a motion to transfer." *Cordoza v. T-Mobile U.S.A.,* No. 08-5120 SC, 2009 WL 723843, at *4 (N.D. Cal. 2009) (citing *Bunker v. Union Pac. R.R.,* No. 05-4059, 2006 WL 193856, at *2 (N.D. Cal. 2006). "Convenience of witnesses" includes considering whether any non-party witnesses are outside the reach of the subpoena power of the court, as well as the physical location of any witnesses who likely provide testimony in a case. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.,* 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007). Generally, the convenience of witnesses who are not parties to the action is the most important element to consider. *Saleh v. Titan Corp.,* 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). Finally, a court must consider "not simply how many witnesses each side has, and the location of each, but also the importance of the witnesses." *Costco Wholesale Corp.,* 472 F. Supp. 2d at 1193 (quoting *Saleh,* 361 F. Supp. 2d at 1165).

This Court should transfer Non-California Plaintiffs' case to the Eastern District of Virginia because Lumber Liquidators has the requisite deliberate "presence" to be deemed "at home" there and five of the six Plaintiffs have no connection to the current venue. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 762 (2014); Lumber Liquidators' 12(b)(2) Motion at Section IV.A; Lumber Liquidators 12(b)(2) Reply at Section II.B. Plaintiffs allege, *inter alia*, that the Product they purchased and installed was defectively designed and that Lumber Liquidators made improper representations regarding the Products' ability to withstand ambient moisture.

While Virginia does not have a nexus to ***all*** relevant facts and witnesses, for purposes of this litigation, it is the most logical. For example, all of Lumber Liquidators' corporate offices, customer call centers, and marketing department are located in Virginia. Crowe Decl., ¶ 7. While any inspections or lab testing of the Products were primarily performed at Lumber Liquidators' Representative Office in Shanghai, China, Lumber Liquidators' quality control and quality assurance department in Virginia frequently interacted with the Chinese Representative Office as to quality issues. Crowe Decl., ¶ 8. Lumber Liquidators' lab in Sandston, Virginia also on occasion tested relevant the Products for compliance issues. *Id.* Finally, while Lumber

Liquidators advertises the Products in each Plaintiffs' states, all advertising content and marketing materials originate from Virginia. Crowe Decl., ¶ 9.

Transfer of Non-California Plaintiffs' claims are also appropriate for the convenience of witnesses. Lumber Liquidators' primary 30(b)(6) witness, Christopher Crowe, is located in Virginia. Crowe Decl., ¶ 4. Other Lumber Liquidators employees previously deposed in this matter also are located in Virginia. Crowe Decl., ¶ 5; Deposition of B. Pullin dated Aug. 4, 2016; Deposition of M. Pescara dated Dec. 14, 2016. Likewise, documents produced in this litigation primarily originated from Lumber Liquidators' headquarters in Virginia. Crowe Decl., ¶ 10.

Any argument by Plaintiffs that Virginia is inconvenient to them and that they should be able to litigate in California, or alternatively in their respective home state, is without merit. As a preliminary matter, five of the six named Plaintiffs chose to sue Lumber Liquidators in a forum other than their home state—in essence conceding that litigation "close to home" was not vital. Little, if any, evidence on liability and damages will exist in California. At the very least, such evidence—to the extent Plaintiffs are permitted to obtain it after the close of fact discovery—including the representatives who allegedly misrepresented the characteristics of the Products, the actual purchase of the Products, and the place in which the Products were installed are located in the home state of each Plaintiff—the overwhelming majority for which is outside of California. The Eastern District of Virginia is significantly closer—geographically—for Plaintiffs Tammy Emery, Edwin Mendez, Laura Norris, Donald Fursman, and John Triana, who reside in West Virginia, Illinois, Minnesota, Pennsylvania, and Florida, respectively.

While Plaintiffs will argue that their choice of forum should be accorded deference, this argument is misplaced and inapplicable to this case. While a plaintiffs' choice of forum is generally afforded substantial weight, "[t]he degree to which courts defer to plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum chosen ***lacks a significant connection to the activities alleged in the complaint.***" *Fabus Corp. v. Asiana Exp. Corp.,* No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. 2001) (emphasis added). Plaintiff's choice will also be accorded little deference if there is any indication of forum shopping. *See Royal Queentex Enterprises v. Sara Lee Corp.,* No. C-99-4787 MJ, 2000

WL 246599, at *3 (N.D. Cal. 2000) (citing *Mission Ins. Co. v. Purina Fashions Corp.,* 706 F.2d 599, 602 fn. 3 (5th Cir. 1983)).

Virginia is a far superior venue, more convenient for parties and witnesses, and most likely to advance justice than California. Transfer should be granted.

### C. TRANSFER SERVES THE INTERESTS OF JUSTICE

The procedural posture of this case is admittedly unique. This litigation has been proceeding as a single action for nearly three years. Fact discovery closed in January 2017 and class certification briefing recently concluded in early July 2017. Transferring the cases as a whole pursuant to section 1404 would resolve issues associated with jurisdiction, as well as, maintain the efficiency initially chosen by Plaintiffs of proceeding in a single forum as one case.[5]

Transfer also is necessary to preclude a race to judgment and the inconsistent rulings that may result. *See Keene v. McKesson Corp.,* No. 12-CV-05924-JST, 2015 WL 9257949, at *3-4 (N.D. Cal. Dec. 17, 2015). Lumber Liquidators should not have to litigate consumer protection-related claims against Lumber Liquidators in California and each different jurisdiction where a named Plaintiff resides. That was not how the case was initially postured and splitting the case now would be waste of judicial resources. *See Ferens v. John Deere Co.,* 494 U.S. 516, 531 (1990) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Certain questions will need to be decided in all jurisdictions. For example, is there a uniform design defect across all Morningstar Strand bamboo products, as Plaintiffs argued at class certification? Plaintiffs' experts, common to all cases, are already the subject of a *Daubert* motion. If purely dismissed and plaintiffs were permitted to refile in their home states, those motions would have to be decided six different times by six different courts. Transfer would avoid inconsistent outcomes as each Plaintiff and their respective classes would be before a singular judge and in one

---

[5] Alternatively, if the Court grants Defendant's motion to dismiss and Plaintiffs refile in their home jurisdiction, Defendant Lumber Liquidators intends to move the JPML for consolidation under 28 U.S.C. § 1407.

venue.  These "weighty interests of economy and avoidance of inconsistent judgments . . . outweigh any contrary considerations."  *Sandoval,* 2015 WL 65085, at *2.

Transfer of this case also will allow the case to be adjudicated by jurors who have an actual interest in and relationship with Lumber Liquidators.  *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-509 (1947), *superseded by statute on other grounds,* (case "ought not to be imposed on the people of a community which has no relation to the litigation"); *see also In re Air Crash Over the Taiwan Straits on May 25, 2002,* 331 F. Supp. 2d 1176, 1206 (C.D. Cal. 2004).  California jurors should not sacrifice time with their families and places of employment to hear the claims of Non-California Plaintiffs who have absolutely no relationship to California and where their claims are not supported by any facts which implicate the state of California.  *Id.*  California jurors should not decide disputes for citizens of other states.

Finally, given discovery has closed in this case, Plaintiffs will not be prejudiced by a transfer and trial will not be delayed.  Indeed, a transfer under § 1404 will serve the interest of justice because it keeps the entire case intact without forcing the parties to restart litigation—a result that would be an immense waste of judicial resources.  *See Anrig v. Ringsby United,* 603 F.2d 1319, 1324 (9th Cir. 1978) (court has the power to sever certain claims or claims against certain parties).

### D.  TRANSFER CAUSES NO HARM TO PLAINTIFFS

"[T]he weighty interests of economy and avoidance of inconsistent judgments," *Sandoval,* 2015 WL 65085, at *2, easily outweigh the weight attached to Plaintiffs' choice of venue.  *See Heartland Payment Sys. v. Verifone Israel Ltd.,* No. 10-0654, 2010 WL 1662478, at *5 (N.D. Cal. April 22, 2010).  First, "Plaintiffs' chosen forum is entitled to minimal deference in this case because the named plaintiffs do not reside in this district."  *Forrand v. Fed. Exp. Corp.,* No. C07-4674 TEH, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008) (Henderson, J.).  Although one named Plaintiff resides in California, the five remaining Non-California Plaintiffs do not reside in this district and are scattered across varying jurisdictions toward the easterly parts of the country.  Plaintiffs initially sought to litigate in a court outside their home state and should be precluded from now asserting inconvenience.

Second, "plaintiff's choice of forum is afforded less weight where, as here, the case is pleaded as a class action lawsuit." *Forrand,* 2008 WL 276389 at *2 (citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987)).

Third, "plaintiff's choice of forum is given considerably less weight" because "the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum." *Hawkins,* 924 F. Supp. 2d at 1214-15. There is no unique "local interest in the matter," since Plaintiffs' claims relate generally to the Morning Star strand bamboo flooring products. *Hawkins,* 924 F. Supp. 2d at 1214-15. *Schwartz v. Frito-Lay N. Am.,* No. C-12-02740 EDL, 2012 WL 8147135, at *5 (N.D. Cal. Sept. 12, 2012).

## V.     CONCLUSION

Accordingly, Defendant Lumber Liquidators respectfully requests that, in the alternative to granting its 12(b)(2) motion, the Court grant this Motion and transfer the entire case for all Plaintiffs, to the Eastern District of Virginia.

Dated: August 8, 2017                          Respectfully submitted,

**MCGUIREWOODS LLP**


By:   */s/ Bethany G. Lukitsch*
        Bethany G. Lukitsch
        Attorneys for Specially Appearing
        Defendant Lumber Liquidators, Inc.