Michael F. Ram, (SBN 104805)
mram@robinskaplan.com
ROBINS KAPLAN LLP
2440 W El Camino Real, Suite 100
Mountain View, CA  94040
Telephone:     (650) 784-4040
Facsimile:      (650) 784-4041

Jeffrey B. Cereghino, (SBN 099480)
jbc@cereghinolaw.com
CEREGHINO LAW GROUP
101 Montgomery Street, Suite 1800
San Francisco, California  94104
Telephone:   (415) 433-4949

Brendan S. Thompson, *Admitted Pro Hac Vice*
brendant@cuneolaw.com
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:   (202) 789-3960

*Attorneys for the Plaintiff Classes*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GOLD, TAMMY EMERY, LOUISE FERENCE, LAURA NORRIS, DONALD FURSMAN, and JOHN TRIANA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 3:14-cv-05373-RS<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING A FAIRNESS HEARING**<br><br>**CLASS ACTION**<br><br>The Honorable Richard Seeborg<br><br>Complaint Filed:  December 8, 2014<br><br>DATE:          November 14, 2019<br>TIME:          1:30 p.m.<br>LOCATION: Courtroom 3 - 17th Floor |

Upon review and consideration of the Agreement of Compromise and Settlement, and the attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      The Court has carefully reviewed the Agreement of Compromise and Settlement, as well as the files, records, and proceedings to date in the Action. The definitions in the Agreement of Compromise and Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Agreement of Compromise and Settlement.

2.      The parties have agreed to settle the Action upon the terms and conditions set forth in the Agreement of Compromise and Settlement, which has been filed with the Court. The Agreement of Compromise and Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiffs in the Action, by and through their counsel, have investigated the facts and law relating to the matters alleged in their complaint, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Lumber Liquidators, Inc. ("Lumber Liquidators"), which took place over the period of numerous months, with the assistance of experienced mediators the Honorable Edward A. Infante (Ret.) and Bruce A. Friedman, both affiliated with JAMS, after the parties had completed discovery, the Court had certified a class, and as the parties prepared for trial. The settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

3.      The Court conditionally certifies, for settlement purposes only:  All individuals in any of the fifty states and all territories of the United States who purchased, for personal,

family, or household use, Morning Star Strand Bamboo Flooring sold by Lumber Liquidators, Inc. from January 1, 2012 to the March 15, 2019.  Excluded from the Settlement Class are Defendant, its legal representatives, assigns and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

4.     The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case.  *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

5.     The Court appoints Michael F. Ram, Jeffrey B. Cereghino, Charles J. LaDuca, and Brendan Thompson as counsel for the Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable

of exercising their responsibilities as Class Counsel.  The Court designates named Plaintiffs Dana Gold, Tammy Emery, Louise Ference, Laura Norris, Donald Fursman, and John Triana as the representatives of the Settlement Class.

6.      The Final Fairness Hearing shall be held before this Court on _____, at ____ p.m., to determine whether the Agreement of Compromise and Settlement is fair, reasonable, and adequate and should receive final approval.  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.  Papers in support of final approval of the Agreement of Compromise and Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 15 below.  The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Agreement of Compromise and Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the Agreement of Compromise and Settlement) with respect to the claims being settled.

7.      Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement of Compromise and Settlement and this Order, are stayed.

8.      The Court approves, as to form and content, the Class Notice attached as Exhibit A to the Agreement of Compromise and Settlement.

(a)      Lumber Liquidators shall provide the Settlement Administrator with the following: the contact information within its possession (including the name, e-mail address, telephone number, physical mailing address, and total value of Flooring purchased) of each reasonably identifiable person who falls within the definition of the Settlement Class by the time this Settlement Agreement is executed ("Class Member Information")., so that the Settlement Administrator may use such information to identify the name and address for the Class Members.

(b)      The Settlement Administrator shall mail Class Notice to each person who purchased, for personal, family, or household use, Morning Star Strand Bamboo Flooring sold by Lumber Liquidators, Inc. from January 1, 2012 to March 15, 2019 within 30 days of the Preliminary Approval Order or as soon thereafter as practicable.  The date on which the Settlement Administrator mails such notices shall be the Notice Date.

(c)      The Settlement Administrator shall also cause any other elements of notice (including activation of the settlement website) to take place on or about the Notice Date.  The Settlement Administrator shall also conduct an address search for any such notice returned as undeliverable and re-mail to any new found address.

9.      The Court finds that the Class Notice is  reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  Specifically, the Court finds that the manner of dissemination of the Class Notice described in Paragraph 8.(a) – (c) complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement.  The Court also finds that the manner of dissemination of the Class Notice described in Paragraph 8.(a) – (c) complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.  *See*, *e.g.*, *Farinella v. PayPal*, *Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009) (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd v. Retail Concepts*, *Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court approved plan disseminating notice by email, in-store posting, and website posting).

10.     Settlement Class Members will have until the dates described in paragraph 15 below, to submit their Claim Forms, which is due, adequate, and sufficient time.

11.     Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Putative members of the Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail in the form specified in the Agreement Of Compromise And Settlement and Class Notice to:  CPT Group, Inc., 50 Corporate Park, Irvine, CA 92606, postmarked (or the equivalent for fax or e-mail), no later than _____. All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Agreement of Compromise and Settlement, should it be approved.

12.     Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval by filing an objection.  Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If Settlement Class Members want that to happen, they must object.  Settlement Class Members may object to the proposed settlement in writing.  Settlement Class Members may also appear at the Final Approval Hearing, either in person or through their own attorney.  If a Settlement Class Member appears through her own attorney, the Settlement Class Member is responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number, (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all

objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.  No Settlement Class Member shall be entitled to be heard at the Final Fairness Hearing (whether individually or through separate counsel) unless written notice of the objecting class member's intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court by 15 days after the filing date of the Final Approval papers and Attorney Fee Application.  Settlement Class Members who object must set forth their full name, current address, telephone number and meet the requirements set forth in the Agreement of Compromise and Settlement  ( Section:  Settlement Class Members' Right of Objection (pp. 23 - 26) and Class Notice.( pp. 18 - 21))

13.     Class Counsel shall file their Fee Application at least fifteen (15) days before the deadline for objecting to the settlement.

14.     Papers in support of final approval of the Agreement of Compromise and Settlement, and in response to objections to the Agreement of Compromise and Settlement or the Fee Application, shall be filed with the Court on or before one hundred twenty days ( 120) after entry of the preliminary approval order.

15.     In summary, the dates of performance are as follows:

| Event | Date |
| --- | --- |
| Notice to be disseminated | 30 days after entry of preliminary approval order |
| Deadline for Settlement Class Members to file and request exclusion | Not less than 45 days after notice is sent |
| Deadline for filing claims ( Claims Period) | 180 days after notice is sent |
| Deadline for Class Members to Object to Settlement. | 15 days after motion for final approval and attorney fees |
| Class Counsel to file motion for final approval | Not less than 120  days after entry of preliminary approval order |
| Class Counsel to file motion for attorneys' fees | Not less than 120 days after entry of preliminary approval. |

| Event | Date |
|---|---|
| Class Counsel Response to objections. | 10 days before Final Approval Hearing. |
| Final Approval Hearing | 45 days after conclusion of the claims period |

The Final Fairness Hearing shall be held on _____, at 9:00 a.m.

These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members may check the settlement website at www.bamboosettlement.com regularly for updates and further details regarding extensions of these dates of performance.  Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, ADDRESS, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

16.     Notwithstanding any other provision of the Settlement Agreement, if more than 3,312  members of the Settlement Class opt out of the Settlement, Lumber Liquidators, in its sole discretion, may rescind and revoke the entire Settlement and this Settlement Agreement, thereby rendering the Settlement null and void in its entirety, by sending written notice that Lumber Liquidators revokes the settlement pursuant to the Agreement Of Compromise And Settlement to Class Counsel within 10 court days following the date the Settlement Administrator informs Lumber Liquidators of the number of Settlement Class Members who have requested to opt out of the Settlement pursuant to the provisions set forth in the Agreement Of Compromise And Settlement.

17.     In the event the Agreement Of Compromise And Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Agreement Of Compromise And Settlement, or the Agreement Of

Compromise And Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Agreement Of Compromise And Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Agreement of Compromise and Settlement and such findings had never been made;

(c)    Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Lumber Liquidators, or any Released Party (as that term is defined in the Agreement Of Compromise And Settlement) of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative;

(d)    Nothing in this Order or pertaining to the Agreement Of Compromise And Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case; and

(e)    All of the Court's prior Orders having nothing whatsoever to do with the certification of the Settlement Class shall, subject to this Order, remain in force and effect.

18.    Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Agreement Of Compromise And Settlement).

19.    CPT Group, Inc. is hereby appointed as Settlement Administrator for this

settlement and shall perform all of the duties of the Settlement Administrator set forth in the Agreement of Compromise and Settlement.

20.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement Of Compromise And Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable or necessary.

IT IS SO ORDERED, this __ day of _____, 2019

_____
Hon. Richard Seeborg
United States District Court Judge