Michael F. Ram, SBN 104805
mram@robinskaplan.com
Marie N. Appel, SBN 187483
mappel@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, California 94040
Telephone: (650) 784-4040

[Additional Counsel Appear on Signature Page]

*Class Counsel*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GOLD, TAMMY EMERY, MARY LOUISE FERENCE, LAURA NORRIS, DONALD FURSMAN, and JOHN TRIANA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 3:14-cv-05373-RS<br><br>**DECLARATION OF MARK A. DIEKMANN IN SUPPORT OF MOTION OF THE PLAINTIFF CLASS FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Complaint Filed: December 8, 2014<br><br>DATE:     September 24, 2020<br>TIME:     1:30 p.m.<br>LOCATION: Courtroom 3 - 17th Floor<br><br>The Honorable Richard Seeborg |

I, Mark A. Diekmann, declare as follows:

1. I am over the age of eighteen and am fully competent to make this declaration.

2. I am a Senior Consultant at Robins Kaplan, LLP. I am a certified public accountant (since 1987) with more than fifteen years of experience in various corporate and public accounting positions. Throughout my fifteen years of experience with Robins Kaplan, LLP, I have helped our firm and out clients extract and produce relevant reports and documents from accounting systems and financial analyses. My experience with the firm has been primarily focused on creating damage models, estimating damages, valuing intellectual property assets, and searching large-scale and small-scale accounting systems. A true and

1  correct copy of my resume is attached hereto as Exhibit A.

2      3.    The Vouchers that are to be provided as part of the proposed settlement in this case will have large monetary values and as a result should have excellent redemption rates and use.

    4.    Cases and research related to the field of vouchers that I reviewed and analyzed illustrate that small value vouchers (between $5-10 dollar range) are not redeemed or used as often as high value vouchers like those that the claimants will receive here. In other words, vouchers that are high in value are valuable to recipients and redemptions rates are most often higher as a result of the high value.

    5.    In addition to the high value of the vouchers here, the vouchers have the following important benefits which advance and strengthen their value and will enhance redemption rates:

    (a) They have long periods of time to be used and redeemed (at least three years).

    (b) They may be transferred.

    (c) They will be provided directly to claimants.  Claimants who use a voucher to shop at a store that they are familiar with, or that they have shopped at before (like here where claimants are also Lumber Liquidators customers), will have a higher propensity to use the offered voucher as opposed to someone who has never shopped at the same store - who would be less inclined (i.e., this is due to familiarity).

    6.    Factors such as these led experts in *In re: Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 322 (N.D. Ga. 1993) to estimate redemption rates between 50-75%. The certificates had discounts between $10 and $200 and varied depending on the airline, as well as the price of the ticket each would be used to purchase.  For example, the discount varied from as little as 13% to as much as 20% of a round trip fare.

    7.    In *Tyler v. Michaels Stores, Inc.*, 150 F. Supp. 3d 53 (D. Mass. 2015), a case against a retailer, the settlement had two classes of vouchers with one class receiving $25

vouchers and the other $10 vouchers.  The time period of usage of the voucher was only 30 days - far less than the three-year minimum period in this case.  The redemption rate was 33%.

8.  Vouchers and coupons are inherently different.  In *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1190 (9th Cir. 2013), the court distinguished that a coupon is a discount on merchandise or services and a voucher provides free merchandise or services.  In the case of the Lumber Liquidators' vouchers, there is little question that they would provide free merchandise as there are many items in their stores that would be able to be completely purchased with the vouchers (especially based on the large list of accessories offered at low prices).

9.  Another case that is relevant is *Foos v. Ann, Inc.*, 2013 WL 5352969, at *3 (S.D. Cal. Sept. 24, 2013) where the court states:

> Defendant Ann Taylor notes the distinction between vouchers and coupon discussed above but argues that the Settlement Agreement here is not a coupon settlement within the meaning of CAFA. The Court concurs that the class members' ability to obtain $15.00 of free merchandise is a voucher because "class members who opt for the $15 off merchandise certificate will have the opportunity to receive free merchandise, as opposed to merely discounted merchandise," (Dft's Supp. Br. at 7.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Minneapolis, MN this 16th day of April 2020.

                                          */s/ Mark A. Diekmann*
                                          Mark A. Diekmann