FILED

APR 27 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Gold, et al.
    Plaintiffs,

v.

Case No. 3:14-cv-05373-RS

Lumber Liquidators, Inc.
    Defendant.

## OBJECTION TO CLASS SETTLEMENT IN *GOLD V. LUMBER LIQUIDATORS, INC.*

(1)     Sheva Stoloff
           2425 Edge Hill Road
           Huntingdon Valley, PA 19006
           215-659-0150 (H)
           970-390-8104 (C)
           sheva2151@yahoo.com

           I am not represented by counsel

(2)     I do not intend to appear at the Final Approval Hearing

(3)     My objection applies to all similarly situated Class Members

(4)     I have not objected to any class settlement in the last three years (or ever)

(5)     Not applicable since I am not represented by counsel

(6)     CPT ID: 289418

I object to the voucher aspect of the proposed Settlement for the following reasons:

- In order to realize full value of the recovery afforded by the proposed Settlement, I would be compelled to deal with the same company that ***knowingly*** (by the time I purchased the Morning Star Strand Bamboo flooring in 2017, the Defendant was well aware that consumers were having substantial problems with it) sold me a defective product. This is unfair.

- The substantial differences in expiration dates (*i.e.*, three years vs. six years) creates inequality across the Class, and there does not appear to be any mechanism in place to account for the difference in value. This is unfair.

- Even though only portions of the flooring installed in my home are obviously defective, unless non-defective, matching, bamboo flooring is made available by the Defendant, the only way to remedy the problem is to replace the entire floor. Unfortunately, it is unlikely that I will be able to afford to replace the floor before the vouchers expire. Furthermore, even if I were to do so within the applicable three year period, it would inevitably cost more than the value of the total recovery (*i.e.*, cash + vouchers) and I would very likely be constrained to put even more money into the hands of the company that cheated me in the first place. This is unfair.

I realize, of course, that a settlement requires compromise on both sides. I do not expect to receive the full benefit of the bargain I made with Lumber Liquidators (*i.e.*, a functioning floor, rather than one that swells, shrinks, splits, and heaves like the ocean) and I certainly do not expect to actually be made whole (I paid to have the flooring delivered and installed in addition to paying Lumber Liquidators for the defective bamboo). However, the proposed Settlement as currently structured effectively offers nothing more, on an individual level, than a mere token acknowledgment of the overwhelming evidence that the Defendant knowingly sold a defective product. To add insult to injury, I am required to provide photographic and documentary proofs in order to make a claim.[1]

Respectfully submitted,

/Sheva Stoloff/
Sheva Stoloff

---

[1] I am not objecting to this requirement, only noting that -- in contrast -- the Defendant is being relieved of all evidentiary burdens.