United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA GOLD, et al.,

　　　　Plaintiffs,

v.

LUMBER LIQUIDATORS, INC.,

　　　　Defendant.

Case No. 14-cv-05373-RS

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

## I. INTRODUCTION

Six complaints and five years on, Plaintiffs present their Settlement Agreement with Defendant Lumber Liquidators for final approval. At the preliminary approval stage, Class Counsel were advised that any approval of the Settlement Agreement ("Settlement") and attendant attorneys' fees would be contingent on a serious revision of their fee request. In consideration of Class Counsel's responsive modification and a finding that the Settlement is fair, reasonable, and adequate, the motion for final approval is granted. Specifically, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and is certified; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and is finally approved;

and (6) the Notice Program and forms of Notice satisfied Federal Rule of Civil Procedure 23 and constitutional due process requirements, and were reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees, costs and expenses and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Motion, and/or the request for Service Award for Plaintiff.

## II. BACKGROUND

The Settlement contemplates a $14 million common cash fund and $16 million[1] in vouchers to be paid by Lumber Liquidators. Class members must file a claim in order to receive compensation. Claims are divided into two levels: anyone who purchased Morning Star Strand Bamboo Flooring can submit a Level One claim; those who suffered damage to their floor can submit a Level Two claim. Level One class members will receive voucher benefits in proportion to how much flooring was installed. Level Two members must submit photographic proof of damage and a repair estimate, which will form the basis of their cash benefit. A class member can claim both Level One and Level Two benefits if only some of the flooring was damaged. Class Counsel estimate a 15% claim rate.

## II. LEGAL STANDARD

A district court's approval of a class-action settlement must be accompanied by a finding that the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). It also requires a showing that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). Plaintiffs must additionally demonstrate that common questions of law and fact predominate over individual ones, and that a class action is superior to other methods for

---

[1] Two million dollars of vouchers were added to the original $14 million when the claim rate reached 7%.

United States District Court
Northern District of California

resolving the controversy. Fed. R. Civ. P. 23(b)(3).

The fairness of a Settlement must be evaluated as a whole, rather than by assessing its individual components. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998). Crucially, the question whether a Settlement is fundamentally fair within the meaning of Rule 23(e) is not the same as asking the reviewing court if perfection has been achieved. *See id.* at 1027. Although Rule 23 imposes strict procedural requirements on the approval of a class Settlement, a district court's only role in reviewing the substance of that Settlement is to ensure that it is "fair, adequate, and free from collusion." *See id.*

A number of factors guide in making that determination, including:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in Settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed Settlement.

*Churchill Vill., L.L.C v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

### III. DISCUSSION

#### A. Settlement Class Certification

For purposes of settlement only, the Settlement Class satisfies the factors set out in Federal Rule of Civil Procedure 23.

##### 1. Numerosity

With a proposed class of about 300,000 members, the numerosity requirement is easily met. *See Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008) (finding numerosity factor satisfied by forty or more class members).

##### 2. Commonality

Commonality exists when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because all

United States District Court
Northern District of California

1   class members are alleged to have suffered from the same humidity-related flooring defects.

2   Furthermore, the allegation that Lumber Liquidators omitted material information affects all class

3   members similarly.

4       *3. Typicality*

5       Plaintiffs are typical of absent Settlement Class members because they were subjected to

6   the same omissions by Lumber Liquidators, purchased the same products as all class members,

7   and because they will also benefit from the relief provided by the Settlement. *See Just Film, Inc. v.*

8   *Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff

9   endured a course of conduct directed against the class.").

10       *4. Adequacy*

11       Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has

12   interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the

13   competence to undertake the litigation at issue. *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir.

14   2003) (finding adequacy satisfied if plaintiffs and their counsel lack conflicts of interest and are

15   willing to prosecute the action vigorously on behalf of the class). Rule 23(a)(4) is satisfied here

16   because there are no conflicts of interest between the Plaintiffs and the Settlement Class and

17   Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class

18   Counsel regularly engage in consumer class litigation and other complex litigation similar to the

19   present Action and have dedicated substantial resources to prosecuting the action. Moreover,

20   Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class

21   members' interests throughout this action.

22       *5. Predominance and Superiority*

23       Rule 23(b)(3) is satisfied for settlement purposes because the common legal and alleged

24   factual issues here predominate over individualized issues, and resolution of the common issues

25   for thousands of Settlement Class members in a single, coordinated proceeding is superior to many

26   individual lawsuits addressing the same legal and factual issues. Rule 23(b)(3) requires a court to

27   find that "the questions of law or fact common to class members predominate over any questions

28    

*United States District Court*
*Northern District of California*

ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
CASE NO. 14-cv-05373-RS

affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Hanlon*, 150 F.3d at 1022. The predominance requirement is satisfied here for settlement purposes because the suit revolves around common questions of fact and because class-wide relief can fairly be provided for all Settlement Class members through a single common judgment. Furthermore, pursuing these claims individually would be prohibitively expensive. Litigating these claims as a class, rather than in thousands of overlapping, potentially contradictory, suits, conserves judicial resources. Because no realistic alternative exists, a class action is the superior method to litigate these claims. *See Valentino v. Carter-Wallace Inc.*, 97 F.3d 1227, 1234 – 35 (9th Cir. 1996).

Because the class meets the requirements of Rule 23, the following Settlement Class is certified:

> All individuals in any of the fifty states and all territories of the United States who purchased, for personal, family, or household use, Morning Star Strand Bamboo Flooring sold by Lumber Liquidators, Inc. from January 1, 2012 to the present.
>
> Excluded from the Settlement Class are Defendant, its legal representatives, assigns and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

**B. Fairness, Reasonableness, and Adequacy**

Pursuant to Rule 23(e), the terms of the Settlement are fair, reasonable, and adequate, and in the best interests of the Class Representatives and each Settlement Class member; they are consistent and in compliance with all requirements of due process and federal law.[2] The Settlement is the product of thorough, serious, informed, and non-collusive negotiations between experienced attorneys familiar with the legal and factual issues of this case. It does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the class. The Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense,

---

[2] This Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

United States District Court
Northern District of California

1   complexity, and duration of further litigation, liability and damages issues, and potential appeals

2   of rulings. *See* Fed. R. Civ. P. 23(e)(2); *Churchill*, 361 F.3d at 575. The Settlement is the result

3   of arm's-length negotiations between experienced counsel representing the interests of the

4   Settlement Class members, Class Representatives and Lumber Liquidators, under the supervision

5   of several experienced and independent third-party mediators, after thorough factual and legal

6   investigation. *See* Fed. R. Civ. P. 23(e)(2)(B). The release of claims contained in the Settlement is

7   fair, reasonable, and enforceable under Rule 23 and all other applicable law.

8   **C. Appointment of Administrator, Final Approval of Notice, and Notice Program**

9   At the outset, CPT Group, Inc. is finally confirmed as Settlement Administrator, and all

10   fees and costs associated with the Notice Program shall be paid by Lumber Liquidators, as set

11   forth in the Settlement.

12   Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement

13   Class members by email or by first-class mail, and further notice was achieved via publication

14   resulting from a press release, and social media banner notices. As such, the manner and form of

15   notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement

16   Class members. The Notice Program, as implemented, was the best practicable under the

17   circumstances; it was reasonably calculated under the circumstances to apprise the Settlement

18   Class of the pendency of the Action, class certification, the terms of the Settlement, and their

19   rights to opt-out of the Settlement Class and object to the Settlement, and Class Counsel's fee

20   request. The Notice and Notice Program constituted sufficient notice to all persons entitled to

21   notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but

22   not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due

23   process.

24   Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary

25   approval of the Settlement, the Class Administrator, CPT Group, Inc. served upon the Attorney

26   General of the United States and the appropriate state officials of the states in which the

27   Settlement Class members reside a notice of the Settlement consisting of a copy of the complaint

28

*United States District Court*
*Northern District of California*

ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
CASE NO. 14-cv-05373-RS

6

1    and any amended complaints in this action, including any materials filed with the complaints; a

2    notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement;

3    the proposed Notice; and a chart providing estimates of the number of Settlement Class members

4    in each state.

5          This Final Approval Order is being entered at least 90 days after the latest of the dates on

6    which the appropriate federal and state officials were served with the notice of proposed

7    Settlement. Accordingly, the notice of Settlement was timely, adequate, and compliant with the

8    statutory requirements of CAFA; 28 U.S.C. § 1715(e) has no application to the Settlement.

9    **D.  Objections, *Cy Pres* Beneficiary, and Opt-Outs**

10         A Final Approval Hearing was held on September 24, 2020 to consider the fairness,

11   reasonableness, and adequacy of the Settlement. Nine objections were filed, one of which was

12   withdrawn prior to the hearing. At the Final Approval Hearing, the Court requested that the parties

13   choose a *cy pres* recipient more closely related to the claims in litigation than the initial recipient

14   proposed by the parties, Habitat for Humanity. Accordingly, the parties propose the National

15   Consumer Law Center as the new *cy pres* recipient. There is a sufficient nexus between the

16   recipient and the claims in this action, so the National Consumer Law Center is approved.

17         In addition, the Settlement Class members listed in the attachment have filed valid requests

18   for exclusion. Their rights will not be affected by the Settlement and they will not receive any of

19   the benefits of the Settlement. Upon entry of this Order, the remaining Settlement Class members

20   will be bound by the terms set forth in the Settlement Agreement.

21   **E.  Timeline for Review of Claims, Distribution of Vouchers and Checks, and Post-Distribution Accounting**

22         CPT will complete the validation process for Level One and Level Two claims by

23   December 18, 2020. CPT will then prepare and finalize calculations of benefits for each class

24   member and address any outstanding claims-related issues by January 15, 2021. On January 15,

25   2021, CPT will provide the distribution list to the company preparing the vouchers. The vouchers

26   will be prepared and mailed to CPT by March 16, 2021. CPT will match the Settlement checks to

27

28         ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
           CASE NO.  14-cv-05373-RS

United States District Court
Northern District of California

1    the vouchers and mail them to class members by April 21, 2021.

2         Class Counsel will, within 21 days of distribution of the Settlement funds, file a Post-

3    Distribution Accounting, as described in the Northern District's Procedural Guidance for Class

4    Action Settlements, informing the court about the administration of Settlement. The Accounting

5    will describe the number of members who were sent payments, and when; the total amount of

6    money paid out to members; the average and median recovery per class member; the largest and

7    smallest amount paid to class members; the number and value of cashed and uncashed checks; any

8    significant or recurring concerns communicated by members to the Settlement administrator and

9    counsel since final approval; any other issues in Settlement administration since final approval;

10   and how any concerns or issues were resolved.

11   **F.  Attorneys' Fees, Costs, Expenses, and Class Representative Service Award**

12        Originally, Class Counsel sought 33.33% of what Class Counsel asserted was a $28 – 30

13   million settlement (approximately $9,332,400 – 9,999,000). This represented a multiplier of 1.1 –

14   1.2 of the lodestar. Embedded in that request was the assertion that the vouchers were worth their

15   dollar equivalent of $14 – 16 million. At the preliminary approval hearing, the Court probed

16   Plaintiffs to explain why their Motion for Preliminary Approval failed to provide a method of

17   evaluating how consumers might use or value the vouchers. Class Counsel were further cautioned

18   that the Court viewed the Settlement vouchers as coupons under CAFA, and, at that point,

19   considered the Settlement to be worth only $14 million, the amount of the common cash fund.

20        Class Counsel proffered their first, nominal revision in their Motion for Attorneys' Fees

21   and Expenses. They still sought over $9 million in fees based on the lodestar method of fee

22   calculation. In the Order preliminarily approving the Settlement, the Court expressed renewed

23   concern and warned Class Counsel that neither California nor federal law mandated the use of the

24   lodestar method. The percentage-of-fund and lodestar calculations are, rather, belt and suspenders,

25   respectively: the Ninth Circuit contemplates a 25% benchmark as a starting point for settlements

26   including a common fund, with the lodestar calculation functioning as a cross-check. *Cf. In re*

27   *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011) ("If the lodestar amount

28

United States District Court
Northern District of California

1    overcompensates the attorneys according to the 25% benchmark standard, then a second look to

2    evaluate the reasonableness of the hours worked and rates claimed is appropriate.") (internal

3    citation omitted).

4         Plaintiffs were also advised that a $9.2 million fee request that hoped to claim over 64% of

5    the common cash fund remained unreasonable and disturbingly overreaching. *See, e.g., Roes, 1-2*

6    *v. SFBSC Management, LLC*, 944 F.3d 1035, 1051 (9th Cir. 2019) (finding an award representing

7    47.5% of the available settlement cash to be a "disproportionate cash allocation"); *Dennis v.*

8    *Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (noting a fee award of 38.9% of the total cash

9    available would be "clearly excessive under our guidelines"). Indeed, even a percentage-of-fund

10   calculation method would not value the voucher portion of the Settlement anywhere near the then-

11   allotted $14 million[3] face value of the non-cash recovery.

12        In response to the Court's warnings, Class Counsel have re-formed their request. Adopting

13   the formulation submitted by an objector, they now seek 25% of the $14 million common fund, to

14   be awarded immediately, and 25% of the $16 million of vouchers as they are redeemed over three

15   years. Class Counsel also request, and may recover, costs and expenses in the amount of

16   $877,224.60.

17        The three-year structure, albeit somewhat cumbersome, addresses the Court's prior

18   reasonableness concerns, but does create administrative challenges. In order to help the Court

19   manage these practical concerns, Class Counsel are directed to submit a report every six months,

20   detailing the percentage rate at which vouchers are redeemed as well as the total dollar value of

21   redeemed vouchers, specifying what amounts are ascribable to labor and what amounts to

22   products. This Court will retain jurisdiction in order to adjust the final award, and distribute, if

23   necessary, any residual payments.

24        Plaintiffs Dana Gold, Tammy Emery, Mary Louise Ference, Laura Norris, Donald

25

26   _____

27   [3] Another $2 million of vouchers were added to the original $14 million when the claim rate
     reached 7%.

28                          ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
                                                        CASE NO. 14-cv-05373-RS
                                          9

United States District Court
Northern District of California

Fursman, and John Triana are finally confirmed as the Class Representatives. The Class Representatives have adequately represented the Settlement Class for purposes of litigating this matter and entering into and implementing the Settlement. They will, therefore, be awarded a fair and reasonable Class Representative Service Award in the amount of $7,500. The payment shall be made to the Class Representatives separate from the Settlement Fund in accordance with the terms of the Settlement.

**G. Effect of Failure to Approve the Settlement or Termination**

In the event the Settlement does not reach its effective date or otherwise become final, or the Settlement is terminated pursuant to its terms for any reason, this Final Approval Order will be automatically vacated upon notice to the Court, and the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(c) Nothing contained in this Order is, or may be construed as, an admission or concession by or against Lumber Liquidators or Plaintiffs on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, and/or any objections or interventions may be used as evidence.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Final Approval is granted. By means of this Order, this Court hereby enters final judgment in this action. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over the named Plaintiffs, the

United States District Court
Northern District of California

1   Settlement Class and Lumber Liquidators as to all matters concerning the administration,

2   consummation and enforcement of the Settlement Agreement. Nothing in this Final Approval

3   Order will preclude any action to enforce the Parties' obligations under the Settlement or under

4   this order, including the requirement that Lumber Liquidators make the Settlement payments in

5   accordance with the terms of the Settlement. The Parties, without further approval from the Court,

6   may mutually agree to and adopt such amendments, modifications and expansions of the

7   Settlement Agreement as: (i) shall be consistent in all material respects with this Order; and (ii) do

8   not limit the rights of Settlement Class members. This Action is dismissed on the merits and with

9   prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement

10   and this Order.

11

12   **IT IS SO ORDERED**.

13

14   Dated: October 22, 2020

15

16   RICHARD SEEBORG
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California